STATE, *ex rel.* ATTORNEY GENERAL v. A. L. HILL, *et al.*

156 So. 891.

Division B.

Opinion Filed October 12, 1934.

*Cary D. Landis,* Attorney General, for Relator;
*D. Stuart Gillis,* for Respondents.

PER CURIAM.—This is one of those cases in which the Attorney General permitted his name to be used as petitioner with the understanding that his office would in nowise be responsible for the conduct of the case in this Court or elsewhere.

The crux of the case is that an election was called to be held, and was held, in DeFuniak Springs, Florida, wherein four city councilmen were to be elected for a full term of two years and two city councilmen were to be elected for the unexpired terms of two councilmen who had resigned.

The record shows that petitions were filed as required by the statutes pertaining to the government of that city requesting the names of J. W. Bullard, F. E. Crooks, A. G. Douglass, Curry Douglass, A. L. Hill, W. W. Rowell, and

Curtis Rutherford to be placed upon the ballot to be voted for the position of city councilmen for the two-year term; and petitions were also filed requesting the names of the same people to be placed upon the ballot to be voted for for the two unexpired terms of Miles and King, respectively resigned.

The names were so placed on the ballot in the following form:

"OFFICIAL BALLOT.
General City Election.
DeFuniak Springs, Florida.
Tuesday, July 10, 1934.
Make a Cross (X) Mark before the
candidate of your choice."

Then followed the names of candidates for Mayor, for Clerk and for Marshal, after which the following appeared:

"FOR COUNCILMAN.
For two-year term.
Vote for four.
J. W. Bullard.
F. E. Brooks.
A. G. Douglass.
Curry Douglass.
A. L. Hill.
W. W. Rowell.
Curtis Rutherford.

FOR COUNCILMAN.
For unexpired terms of P. W. Miles
and Roy King.
Vote for two.
J. W. Bullard.
F. E. Brooks.
A. G. Douglass.

Curry Douglass.
A. L. Hill.
W. W. Rowell.
Curtis Rutherford."

These ballots were voted, canvassed and returned. Thereafter the Canvassing Board made its report and declaration. The return showed that for the two-year term Bullard received 190 votes, Brooks received 141 votes, A. G. Douglass received 224 votes, Curry Douglass received 226 votes, A. L. Hill 232 votes, W. W. Rowell 100 votes, Curtis Rutherford 162 votes and one Carpenter, whose name was written in, received 97 votes. For the unexpired terms of Miles and King, Bullard received 55 votes, Brooks 67 votes, A. G. Douglass 40 votes, Curry Douglass 58 votes, Hill 38 votes, Rowell 73 votes, Rutherford 31 votes and Carpenter 11 votes. Thereupon, Hill, Curry Douglass, A. G. Douglass and Bullard were declared elected to fill the full terms of two years each, while Rowell and Brooks were declared elected to fill the two unexpired terms which, as we see it, was the correct determination of the matter.

The writ challenges the right of these persons so declared elected to hold office because it is alleged that the ballot used was so vague and indefinite that the voter could not intelligently indicate his choice and that in the casting of the ballots a great many electors voted for the same man whose name appeared on the ticket for both positions.

We do not think there is any merit in this contention. A person of ordinary intelligence should know that his ballot could not be counted at all if he voted for one man to fill both positions when the terms to be filled by such election would run concurrently, as they did in this case. His ballot would be, so far as candidates for these offices are concerned, of no effect because he has expressed no choice that

the candidate for whom he voted should fill one place or the other. His ballot is in the same condition as one would be which being cast in the general State election shows that the elector has marked his ballot to vote for two candidates of different parties to fill the same office.

We think that the ballot shows upon its face that it could be intelligently voted by an elector of ordinary intelligence and that it presented no cause for confusion.

The motion to quash should be granted. It is so ordered.

ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J., and WHITFIELD and BROWN, J. J., concur specially.

DAVIS, C. J. (concurring).—I think the form of ballot was illegal, but that the remedy for it was mandamus to compel the preparation and submission of a legal ballot before the election was held. The election having been already held before any question was raised about it, or the declaration of its result based on the only practical way of declaring such result, I think the persons declared elected have sufficient title to the offices to withstand quo warranto.

WHITFIELD and BROWN, J. J., concur.